IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORRIS ALEXIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-00022-N |
| | § | |
| RYDER SYSTEM, INC., | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Ryder System, Inc.'s ("Ryder System") motion for summary judgment [17] and Plaintiff Norris Alexis's second motion for an extension of time to file a response to Ryder System's motion for summary judgment [24]. First, because Alexis has not shown good cause, the Court denies his second motion for an extension. Then, because Ryder System has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the Court grants Ryder System's motion for summary judgment.

## I. ORIGINS OF THE DISPUTE

This is a workplace injury case. Alexis worked as a mechanic at Ryder Truck Rental, Inc. ("Ryder Truck") from April 2014 to October 2022. Def.'s App. 3, 153, 164 [18]. He worked at Ryder Truck's maintenance shop at the Dr. Pepper Bottling Plant at 2304 Century Center Boulevard in Irving, Texas (the "Dr. Pepper Plant"). *Id.* at 4. On January 3, 2022, Alexis tripped on an oil-absorbent floor mat and injured his right ankle while working at the Dr. Pepper Plant. *Id.* at 134–35, 155–56, 160–61.

MEMORANDUM OPINION AND ORDER – PAGE 1

Then, on January 3, 2024, Alexis sued Ryder System for negligence. *See* Pl.'s Compl. 1 [1]. Ryder System is the parent company of Ryder Truck. Def.'s App. 2. Alexis asserts that Ryder System caused his injury by failing to (1) provide a safe working environment for employees; (2) secure and place properly the floor mats; and (3) clean and maintain the floors of the workplace. Pl.'s Compl. 2–3. Ryder System now moves for summary judgment on Alexis's claim. Def.'s Mot. Br. 2 [19].

## II. THE COURT DENIES ALEXIS'S SECOND MOTION FOR EXTENSION

First, the Court addresses Alexis's second motion for an extension of time to file a response to Ryder System's motion for summary judgment. Alexis's response to Ryder System's motion for summary judgment was due on April 15, 2025. Alexis requested an extension of time to file his response "due to the malfunctioning of Counsel's computer." Pl.'s First Mot. Extension 1 [20]. The Court granted the request, and Alexis's response became due on April 21. Alexis filed the response on April 23. *See generally* Pl.'s Resp. [23]. Then, on April 29, Alexis filed a second motion for an extension to file a response to the motion for summary judgment. *See* Pl.'s Second Mot. Extension 1 [24]. The second motion represents that the attached Exhibit A includes a response, response brief, and an appendix with three exhibits, but Exhibit A includes only the appendix. *See id.* at 1, Ex. A. Alexis provides no explanation for why he needed additional time beyond the time granted in the first extension to submit the appendix. The Court thus determines that Alexis has not shown good cause for a second extension and denies the motion.

MEMORANDUM OPINION AND ORDER – PAGE 2

### III. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citation omitted). Factual controversies are resolved in favor of

the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

### IV. THE COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT

Alexis brings a negligence claim against Ryder System based on his January 3, 2022, workplace injury. Pl.'s Compl. 2. To prevail on his negligence claim, Alexis "must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Ryder System claims that it did not owe a legal duty to Alexis because (1) it did not employ Alexis, (2) it did not own, control, or possess the Dr. Pepper Plant, and (3) Ryder System and Ryder Truck are separate corporations. Def.'s Mot. Br. 12–21. The Court addresses each argument in turn.

First, Ryder System argues that it did not owe a duty as an employer to Alexis because no employment relationship existed between Ryder System and Alexis. Def.'s Mot. Br. 12–13. "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). One such relationship is between employer and employee: an employer has "a duty to use ordinary care in providing a safe work place." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Here, Ryder System presented evidence that Ryder Truck — not Ryder System — employed Alexis. First, at his deposition, Alexis identified Ryder Truck as his employer. Def.'s App. 153 ("Q. And on the . . . date and time of the incident, you were employed by Ryder Truck Rental, Inc.,

MEMORANDUM OPINION AND ORDER – PAGE 4

correct? A. Correct."). Moreover, Alexis's earnings statements list Ryder Truck as Alexis's employer. *Id.* at 9–133. And Greg Pitz — Ryder System's Director of Workers Compensation — stated that Alexis was an employee of Ryder Truck, not Ryder System. *Id.* at 3–4. Alexis presented no arguments or evidence to rebut this. Accordingly, Alexis has not shown that a genuine issue of material fact exists regarding whether an employment relationship existed between him and Ryder System.

Second, Ryder System states that it did not owe a duty to Alexis because it did not own, possess, or control the premises of the Dr. Pepper Plant — the maintenance shop where Alexis worked and was injured. Def.'s Mot. Br. 14–15. "Under premises-liability principles, a property owner generally owes those invited onto property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (collecting cases). However, this duty does not arise unless a person has "ownership, possession, or control" of the premises. *Id.* at 648. Here, Ryder System submitted evidence that it did not own, possess, control, or use the Dr. Pepper Plant. Def.'s App. 4–6. Alexis did not submit any controverting evidence on this point. Thus, Alexis has not raised a genuine dispute regarding whether Ryder System owned, possessed, or controlled the Dr. Pepper Plant premises.

Third, Ryder System asserts that it did not owe a duty to Alexis because Ryder System did not have the level of control over its subsidiary, Ryder Truck, for it to be liable for Ryder Truck's alleged negligence. Def.'s Mot. Br. 16–21. "As long as companies are distinct legal entities, they are not liable for each other's conduct unless some exception

applies to remove this limited liability." *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 660 (Tex. 2023). Ryder System presented evidence that it and Ryder Truck are separate and distinct legal entities. *See* Def.'s App. 2 ("Ryder System and Ryder Truck Rental remained separate companies and parent/subsidiary companies throughout Mr. Alexis's employment with Ryder Truck Rental."). Alexis did not submit evidence to refute that Ryder System and Ryder Truck are separate entities and did not explain why Ryder System should be held liable for Ryder Truck's conduct. Thus, the Court declines to find that Ryder System had a duty to Alexis based on its parent-subsidiary relationship with Ryder Truck.

Viewing the evidence in the light most favorable to Alexis, the Court concludes that he fails to provide a basis on which a reasonable jury could find that Ryder System owed him a legal duty. Therefore, the Court grants summary judgment for Ryder System.

## CONCLUSION

Because Ryder System has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the Court grants Ryder System's motion for summary judgment.

Signed June 17, 2025.

_____
David C. Godbey
Chief United States District Judge